**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-31084
Summary Calendar

LEXINGTON INSURANCE COMPANY,

Plaintiff - Appellee

v.

ROBERT G HARVEY, SR; W PATRICK KLOTZ,

Defendants - Appellants

v.

WHITNEY NATIONAL BANK; GULF COAST BANK
& TRUST COMPANY,

Defendants - Appellees

EAGLE AND MAJESTIC FINANCE COMPANIES,

Intervenor - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-9623

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The Appellants, Robert G. Harvey and W. Patrick Klotz, Louisiana attorneys, represented the plaintiffs in a personal injury action. They appeal the district court's ruling that they are not entitled to claim the statutory privilege for professional fees granted under La. R.S. 9:5001 and 37:218 for their guarantees of loans made to their clients by two finance companies. We have reviewed the record and the briefs, and we hold that the district court did not commit any reversible error. *See Security First Nat'l Bank v. Brunson (Matter of Coutee)*, 984 F.2d 138, 142 (5th Cir. 1993) ("There is nothing in the Louisiana statute . . . to indicate that the attorney privilege applies to an obligation guaranteed by an attorney, as opposed to one owed to him. To the contrary, because this statute creates a privilege or lien in derogation of common rights, it should be strictly construed and may not be extended by analogy or implication.").

The Appellants' contention that Lexington should be penalized for distributing the settlement proceeds without their consent is meritless` because Lexington deposited the proceeds into the court registry after filing the interpleader action in district court. Furthermore, their claim for penalties is barred by *res judicata*.

The judgment of the district court is

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.